UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. |
| | ) | 5:17-cr-068-JMH-HAI |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 5:19-cv-237-JMH-HAI |
| | ) | |
| JASON WHITIS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Hanly A. Ingram [DE 130], wherein he recommends that Defendant-Petitioner Jason Whitis's Motion to Vacate under 28 U.S.C. § 2255 [DE 119] be denied. Magistrate Judge Ingram thoroughly examined the record and found that Whitis's three grounds for claiming ineffective assistance of counsel were without merit. Magistrate Judge Ingram also declined to entertain Whitis's arguments that his sentence exceeded the statutory maximum, that the Court violated due process, that it failed to consider his physical health in sentencing, and that he was incompetent to enter a guilty plea.

Generally, a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by a magistrate judge. 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the report and recommendation, as in the case *sub judice*, "[i]t

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Whitis did come to this Court asking for additional time to file objections, which the Court granted. [DE 131]. The deadline imposed by the Court has long passed without any objection from Whitis. Consequently, and in the absence of any objections, this Court adopts the well-articulated and detailed reasoning set forth in the Report and Recommendation as its own.

Finally, Magistrate Judge Ingram recommends that no certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Whitis must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Again, in the absence of objections from Whitis, the undersigned adopts the Report and Recommendation on this issue, and concludes that no certificate should issue as Whitis cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED** as follows:

(1) United States Magistrate Judge Hanly A. Ingram's Report and Recommendation [DE 130] is hereby **ADOPTED IN FULL** as the findings of fact and conclusions of law of the Court.

(2) Defendant-Petitioner Jason Whitis's Motion to Vacate under 28 U.S.C. § 2255 [DE 119] is hereby **DENIED**.

This the 21st day of February, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge