UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JASON WHITIS,<br>    Defendant. | CRIMINAL NO. 5:17-68-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Jason Whitis's second motion for compassionate release. (DE 168.) On August 7, 2017, Whitis pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine. (DE 58; DE 61.) His projected release date is July 22, 2030. He is currently incarcerated at Lexington FMC.

Once again, Whitis moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Once again, Whitis alleges that he suffers from a range of significant medical conditions and raises concerns about COVID-19 in the prison setting. (DE 168 at 2-3.) He also seeks a downward adjustment of his sentence, arguing that the Court erroneously applied a sentence enhancement for possession of a firearm. (*Id.*) For the following reasons, Whitis's motion (DE 168) is denied.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to

1

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (citation and quotation marks omitted). Here, the government does not invoke the mandatory condition. (DE 173 at 4.) Therefore, the Court has authority to consider Whitis's request for compassionate release.

Whitis's motion fails on the merits. A sentence reduction under this statute is possible only if the Court finds that "extraordinary and compelling reasons warrant" the sentence reduction and that such a reduction is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The Court has previously denied a motion for compassionate release filed by Whitis, and continues to find that release is not warranted for the reasons stated in the Court's most recent order denying him compassionate release (DE 165) and at sentencing (DE 105). Regardless of whether his health conditions have worsened, Whitis still fails to provide any evidence to support that his condition is unmanageable in his current environment or that the Bureau of Prisons would deny him any necessary treatment.

For these reasons and based on the § 3553(a) factors already considered (DE 105; DE 165), Whitis's release is not warranted.

To the extent that Whitis seeks a sentence reduction based on his assertion that an enhancement was improperly applied or his sentence was miscalculated, a motion for compassionate release is not the proper vehicle to raise such a challenge. *United States v.*

*Makupson*, Case No. 1:14-cr-00214-1, 2023 WL 2431992, at *2 n.14 (N.D. Ohio Mar. 9, 2023) ("Rather than authorizing resentencing, the compassionate-release statute permits courts only to reduce the term of imprisonment. . . . In other words, a compassionate release petitioner argues that, although his sentence is lawful, other unrelated factors counsel in favor of early release.") (citations and quotation marks omitted); *United States v. Stone*, Case No. 5:08-cr-00017 (TBR), 2021 WL 4343439, at *4 (W.D. Ky. Sept. 23, 2021) ("However, an argument that there was an error in applying a possible enhancement under 21 U.S.C. § 851 is not a proper basis for compassionate release.").

To the extent that Whitis asserts that the prison is not taking adequate measures to protect prisoners from COVID-19 infections (DE 168 at 3, 8-9), this may be viewed as a request for release based upon the Eighth Amendment's prohibition against cruel and unusual punishment. Such a claim is not proper on a motion for compassionate release. Instead, a request for release on constitutional grounds is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).[1]

### III.

For the foregoing reasons, the Court finds that it is not appropriate to order Whitis's release at this time. The Court hereby ORDERS that Defendant Jason Whitis's second motion for compassionate release (DE 168) is DENIED.

---

[1] Moreover, a "defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Whitis had access to and received his COVID-19 vaccine. (DE 175-1 at 387, 529.)

3

This 14th day of April, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

4