## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,**<br><br>**V.**<br><br>**JASON WHITIS**<br>    **Defendant.** | **CRIMINAL NO. 5:17-68-KKC-HAI-1**<br><br><br>**<u>OPINION AND ORDER</u>** |

*** *** ***

This matter is before the Court on defendant Jason Whitis's motion for appointment of counsel and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 197.) For the following reasons, Whitis's motion is denied.

On August 7, 2017, Whitis pleaded guilty to conspiracy to distribute methamphetamine. (DE 58.) Whitis was sentenced to 200 months of imprisonment on November 7, 2017. (DE 94.) Whitis's projected release date is July 22, 2030, and he is currently incarcerated at MCFP Springfield. Whitis has previously moved for compassionate release twice and has moved for a sentence reduction once. (DEs 151, 168, 179.) His requests were denied each time. (DEs 165, 177, 196.) Whitis now moves for compassionate release on the basis of alleged medical conditions he claims serve as extraordinary and compelling reasons justifying release. These medical conditions were also the subject of Whitis's first two unsuccessful motions for compassionate release. For the following reasons, the Court finds that Whitis's motion fails again.

### I.

In his motion, Whitis requests counsel be appointed. "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555

1

(1987). Moreover, "every federal court of appeals . . . has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). The Court entered judgment against Whitis on November 7, 2017. (DE 94.) The Sixth Circuit subsequently affirmed the Court's judgment. (DE 114.) As a result, Whitis no longer has a right to court-appointed counsel. As such, the Court will deny Whitis's request to appoint counsel.

## II.

Prior to enactment of the First Step Act, courts could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the Court to grant a motion filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " § 3582(c)(1)(A).

The Government disputes whether Whitis has properly exhausted his administrative rights here. Whitis's current motion is a successive motion for compassionate release. On January 5, 2024, he requested compassionate release from the warden of FMC Devens based on the same medical conditions he raises here. The warden denied his request, and the Court denied his subsequent motion for compassionate release. Whitis did not resubmit his request with the warden at his current facility before filing the instant motion.

The question then is whether Whitis has properly exhausted his administrative rights where he has not resubmitted a request to the warden at his current facility. The Sixth Circuit has not answered this question, but the Seventh Circuit has. *See United States v. Williams*, 987 F.3d 700 (7th Cir. 2021). In *Williams*, the Seventh Circuit held that the exhaustion requirement is satisfied if the motion before the Court is premised upon the same

grounds as those presented to a warden in a previous request. *Id.* at 703–04. The Court is persuaded by and therefore adopts the reasoning in *Williams* and thus joins other district courts in this circuit holding the same. *See United Stats v. Persuad*, 2025 WL 371403 (N.D. Ohio, February 3, 2025). Accordingly, based on the request Whitis submitted to the warden at FMC Devens, the Court finds that he has properly exhausted his administrative rights.

Nonetheless, Whitis's motion fails on the merits for reasons stated below.

## III.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The Court may grant this relief only if it finds (1) "extraordinary and compelling reasons warrant" a reduction, (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the reduction is consistent with applicable sentencing factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1107-8, 1111 (6th Cir. 2020).

For prong one, recent amendments to the Sentencing Guidelines provide that extraordinary and compelling reasons may exist to reduce a defendant's sentence if the defendant is suffering from a health crisis. *See* U.S.S.G. § 1B1.13(b). A health crisis does not justify release, however, where that crisis can be managed in prison and where that crisis does not affect the defendant's ability to provide self-care. *See United States v. Pratt*, No. 21-6013, 2022 WL 1294435, at *2–3 (6th Cir. Mar. 15, 2022); *see also United States v. Slone*, No. 7:12-05-KKC-4, 2021 WL 164553, at *1 (E.D. Ky. Jan. 19, 2021) (holding that inmate who suffered from heart disease and other conditions did not establish extraordinary and

compelling reasons for compassionate release because his conditions did not diminish his ability to provide self-care within the prison environment).

Here, Whitis bases his motion on the worsening of two medical conditions, blindness and kidney disease. As an initial matter, the Government disputes the severity of Whitis's eyesight issues. In particular, the Government cites a 2023 doctor's report which noted the doctor's suspicion that Whitis's "vision [was] not as bad as he presents it to be[.]" (DE 200 at 5.) Nonetheless, the Court recognizes the severity of Whitis's conditions—however progressed they may be. Whitis presents no evidence, however, demonstrating that either of those conditions have worsened to an extent which either prevents him from providing self-care or prevents the BOP from adequately providing him with medical care. On the contrary, the Government presents evidence that Whitis's medical records are replete with care provided through the BOP. (DE 200 at 4–6.) Accordingly, having failed to demonstrate that his medical conditions cannot be managed while incarcerated or that he cannot adequately provide self-care, Whitis presents no extraordinary and compelling reason meriting a sentence reduction.

Even if the Court were to find that Whitis presents extraordinary and compelling reasons which warrant relief, it must still consider whether the Section 3553(a) factors support the requested relief. *Jones*, 980 F.3d at 1103. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
(3) the kinds of sentences available.

4

18 U.S.C. § 3553(a)(1)-(3). The Section 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at Whitis's sentencing, reconsidered them for Whitis's two previous motions for compassionate release, and revisited those factors again for this motion. There has been no change in circumstances which would disrupt the Court's prior evaluation of these factors. Nonetheless, the Court will reiterate that the nature and circumstances of Whitis's crimes are serious and warrant a significant sentence. In April of 2017, police stopped and searched a vehicle occupied by Whitis and two others. (PSR at ¶ 8.) The search revealed 219 grams of methamphetamine that Whitis and the other occupants admitted they obtained with the intent to later sell. (*Id*. at ¶ 8-14) The search also revealed a firearm. (*Id*. at ¶ 11.) Additionally, Whitis has an extensive criminal history, which includes convictions for physical harassment, burglary, robbery, and multiple convictions for both possession and distribution of drugs. (*Id*. at ¶ 30-37.)

Notably, Whitis has not yet served even half of the sentence originally imposed by the Court. The Court commends Whitis for taking steps while incarcerated to ensure that he leads a meaningful life upon his eventual release, but it cannot discount the seriousness of his offense and criminal history, especially with so much of his sentence left to serve. Accordingly, the Court finds that the § 3553(a) factors continue to support Whitis's sentence.

**IV.**

For the foregoing reasons, Whitis's motion for compassionate release (DE 197) is DENIED.

April 18, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY